**UNITED STATES COURT OF INTERNATIONAL TRADE**

———————————————————————————— x
                                                           :
ECOPURE SPECIALITIES LIMITED,                              :
                                                           :
                               Plaintiff,                  :       Court No. 26-02529
        v.                                                 :
                                                           :
UNITED STATES,                                             :
                                                           :
                               Defendant.                  :
———————————————————————————— x

**COMPLAINT**

Plaintiff Ecopure Specialities Limited ("Ecopure"), by and through undersigned counsel, hereby allege and state as follows.

**ADMINISTRATIVE DETERMINATION TO BE REVIEWED**

1.      Ecopure seeks review of the final results of the U.S. Department of Commerce, International Trade Administration's ("Commerce" or the "Department") second countervailing duty ("CVD") administrative review ("AR2") of organic soybean meal from India, having the calendar year 2023 period of review, published as *Organic Soybean Meal from India: Final Results of Countervailing Duty Administrative Review; 2023,* 91 Fed. Reg. 9551 (Feb. 26, 2026) ("*Final Results*").

2.      The challenged determinations, findings, and conclusions are set out primarily in the Commerce's Issues and Decision Memorandum ("IDM"), dated February 23, 2026, accompanying the *Final Results*, 91 Fed. Reg. 9551.

**JURISDICTION**

3.      This action is filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i) and 1516a(a)(2)(B)(i) to contest the *Final Results* issued by Commerce in AR2 of the CVD order on organic soybean from India. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

**STANDING OF PLAINTIFF**

4.      Ecopure, a producer and exporter of subject organic soybean, participated in Commerce's

CVD administrative review of organic soybean from India as a mandatory respondent that

resulted in the challenged *Final Results*. During the course of the review, Ecopure timely filed

questionnaire responses, factual information, and briefs. Therefore, Ecopure is an interested

party described under 19 U.S.C. § 1677(9)(A) and has standing to bring this action under 28

U.S.C. § 2631(c) and 19 U.S.C. § 1516(d).

**TIMELINESS OF THE ACTION**

5.      Parties to actions challenging Department determinations pursuant to 19 U.S.C.

§ 1516a(a)(2)(B)(i) must file a summons within 30 days of the date of publication in the Federal

Register of the final results. 19 U.S.C. § 1516a(a)(2)(A)(i).

6.      This action was timely commenced within 30 days of the date of publication of the *Final

Results* through the filing of the Summons on March 27, 2026. This Complaint is timely filed

within 30 days of the filing of Ecopure's Summons, in accordance with Rule 6(a) given the

intervening weekend. Therefore, both the Summons and this Complaint have been timely filed in

accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and pursuant to Rules 3(a)(2)

and 6(a) of this Court.

**BACKGROUND**

7.      In May 2024, timely requests for an administrative review were filed for the CVD Order

on organic soybean to review Ecopure for the period spanning calendar year 2022.

8.      On July 5, 2024, Commerce initiated AR2 of the CVD order on organic soybean from

India as to companies including Ecopure. *Initiation of Antidumping and Countervailing Duty

Administrative Reviews*, 89 Fed. Reg. 55,567, 55,575 (July 5, 2024).

9. On September 30, 2024, Commerce selected Ecopure as a mandatory respondent for this CVD administrative review and thereafter issued the company CVD questionnaires, because Ecopure was one of the largest exporters of subject merchandise to the United States for the period. This was the first time that Ecopure had been individually reviewed by Commerce. On October 9, 2024, Commerce selected Tejawat Organic Foods ("Tejawat") as a mandatory respondent.

10. On October 15, 2024, Ecopure timely filed its response to the affiliation portion of Section III of Commerce's initial CVD questionnaire. On November 3, 2024, Ecopure timely filed its response to Commerce's supplemental affiliation questionnaire.

11. On November 22, 2024, Ecopure timely responded to the remaining required portions of Section III of the questionnaire. On January 3, 2025, Ecopure timely filed its response to Commerce's supplemental Section III questionnaire ("SIIIQR").

12. On June 18, 2025, Commerce preliminarily assigned Ecopure a CVD rate of 340.27% based on the application of total adverse facts available ("AFA"), without considering data reported by Ecopure. *Organic Soybean Meal From India: Preliminary Results and Partial Rescission of Countervailing Duty Administrative Review; 2023*, 90 Fed. Reg. 25,994, 25,995 (June 18, 2025) ("*Preliminary Results*"), accompanying Decision Memorandum ("DM") at 7-11. Commerce did so based on findings that Ecopure had failed to report certain affiliates until its SIIIQR and a "strong indication" that a cross-owned company was involved with subject merchandise based on classification of its products in Harmonized Tariff Schedule ("HTS") subheading 2309.90. *Id*.

13. On July 16, 2025, Ecopure timely filed its administrative case brief challenging Commerce's *Preliminary Results*. Ecopure challenged Commerce's application of total AFA and

3

the 340.27% CVD rate, requesting that Commerce instead use data reported by Ecopure or at a minimum issue Ecopure a supplemental questionnaire. Ecopure demonstrated that its affiliates reporting did not warrant application of total AFA, and that it had properly reported all affiliates involved with subject merchandise.

14.    On July 24, 2025, Ecopure timely filed its administrative rebuttal brief responding to the administrative case brief filed by the Organic Soybean Processors of America. Ecopure demonstrated the impropriety of it being assigned a CVD rate through application of total AFA. On September 9, 2025, Commerce conducted a public hearing in which Ecopure participated.

15.    On February 26, 2026, Commerce published its *Final Results* assigning Ecopure a CVD rate of 75.48% based on total AFA. 91 Fed. Reg. at 9552. Commerce rejected Ecopure's arguments and maintained its application of total AFA for purposes of the assigned AR2 CVD rate, while reducing that rate. IDM Comment 1. Commerce by contrast assigned Tejawat an AR2 CVD rate of 3.66% based on partial AFA. *Final Results*, 91 Fed. Reg. at 9552, IDM Comment 2.

## STATEMENT OF CLAIMS

### COUNT ONE

16.    Paragraphs 1 to 15 are adopted, incorporated, and re-alleged here by reference.

17.    Commerce's assigning Ecopure a CVD rate in AR2 through application of total AFA in disregard of all data reported was not supported by substantial evidence and was otherwise not in accordance with law. These legal infirmities include the lack of a statutory or evidentiary basis to apply neutral facts available let alone AFA, given that Ecopure cooperated to the best of its ability and otherwise timely provided all information requested. Commerce further violated the statutory requirement that respondents be afforded notice of any reporting found deficient, and be given an opportunity to remedy or explain such deficiency. Ecopure was first notified that the

4

affiliation reporting in its SIIIQR was found deficient in the *Preliminary Results* that issued five months later, without any prior notice or opportunity to address the concern.

18.     To support its application of total AFA, Commerce made flawed findings that Ecopure failed to accurately report affiliates – including that an affiliate was involved with subject merchandise based on an HTS subheading. As another example of legal error, Commerce acted in contradiction of statutory requirements, judicial precedent, and its own agency practice in which respondents are afforded more than one opportunity to identify affiliates in a review without penalty, especially when such identification is many months before the preliminary determination is issued. Indeed, Commerce by contrast throughout AR2 exhibited flexibility with respect to Tejawat's affiliation reporting, which resulted in that respondent being assigned a 3.66% CVD rate based on partial AFA.

19.     The 75.48% CVD rate assigned to Epocure in AR2 constitutes an unreasonable, punitive, and arbitrary agency action that violates Commerce's statutory mandate and is unsupported by substantial evidence.

## **PRAYER FOR RELIEF**

WHEREFORE, Ecopure requests that this Court:

(a)     hold that the Department's *Final Results* are unsupported by substantial evidence and are otherwise not in accordance with law;

(b)     remand the *Final Results* to the Department with instructions to issue a new determination consistent with this Court's decision; and

(c)     provide such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Dharmendra N. Choudhary*
Dharmendra N. Choudhary
Ned H. Marshak*
Andrew T. Schutz
Jordan C. Kahn

GRUNFELD, DESIDERIO, LEBOWITZ, SILVERMAN & KLESTADT LLP

1201 New York Ave., NW, Suite 650
Washington, DC 20005
(202) 783-6881

* 599 Lexington Ave. 36th Fl.
New York NY 10022
(212) 973-7759

*Counsel to Plaintiff*
*Ecopure Specialities Limited*

Dated: April 27, 2026

**CERTIFICATE OF SERVICE**

Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I certify that on April 27, 2026, I caused a copy of the foregoing Complaint to be served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified mail, return receipt requested:

**On Behalf of Defendant United States**
Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
**U.S. Department of Justice**
Room 346
26 Federal Plaza
New York, New York 10278

Director, Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20005

General Counsel
Office of the Chief Counsel for
Import Administration
**U.S. Department of Commerce**
14th Street & Constitution Ave., NW
Washington, D.C. 20230

**On Behalf of Perdue Agribusiness LLC**
Elizabeth K. Lowe, Esq.
**Venable LLP**
600 Massachusetts Ave NW
Washington, DC 20001

**On Behalf of American Natural Processors, LLC; Professional Proteins, Ltd.; Sheppard Grain Enterprises LLC; Simmons Grain Company; Super Soy, LLC; and Tri-State Crush LLC, Organic Soybean Processors of America ("OSPA")**
Michelle Li, Esq.
**Thompson Hine LLP**
1919 M Street, NW
Suite 700
Washington, DC 20036-3537

**On Behalf of Ecopure Specialties Limited**
Ashutosh Arvind Kumar
**Lakshmi Kumaran & Sridharan**
7th Floor, Tower E, World Trade Centre,
Nauroji Nagar, New Delhi 10029, India

**On Behalf of Embassy of India**
Shruti Chopra
**Commerce Wing**
2536 Massachusetts Avenue, NW
Washington, DC 20008

**On Behalf of Tejawat Organic Foods India**
YASHWANT KUMAR
**YKG and Associates**
S-512, SECOND FLOOR,SCHOOL
BLOCK MAIN ROAD DELHI-110092
INDIA

**On Behalf of Government of India**
Namrita Raghuwanshi
**TPM, Solicitors & Consultants**
J-209, Saket, New Delhi, India

/s/ Dharmendra N. Choudhary
Dharmendra N. Choudhary

*Counsel for Plaintiff*